{¶ 33} I respectfully dissent from the dismissal of this appeal because the majority's decision has the effect of foreclosing any interlocutory appeals from the denial of summary judgment in a sovereign immunity case. *Page 13 
 {¶ 34} R.C. 2744.02(C) states that an order "that denies a political subdivision * * * the benefit of an alleged immunity from liability as provided in this chapter * * * is a final order." The purpose behind this section is to permit a political subdivision to file interlocutory appeals from orders that deny immunity.
 {¶ 35} The cases cited by the majority incorrectly conclude that any order which finds that there are material issues of fact relating to immunity does not constitute an adjudication of the immunity issue. Surely, a finding that there are material issues of fact on the immunity issue has the net effect of denying a political subdivision's assertion of immunity. That finding is capable of being reviewed, even if only on grounds that the court erred by finding that there is a genuine issue of material fact. To hold otherwise would vitiate R.C. 2744.02(C) because it would require a final resolution by the trier of fact as a predicate for appeal, in contradiction to the language of the statute.
 {¶ 36} In this case, the trial court did not even state that there were genuine issues of material fact. As the majority notes, the court simply stated that "motion * * * for summary judgment is denied." The issue raised on appeal is whether the facts, viewed in a light most favorable to the nonmoving party, show as a matter of law that Officer Enk had been performing an "emergency call" at the time of the accident. I respectfully submit that this question of law can and should be decided by this court on appeal. A remand of this case would force the parties to endure a potentially *Page 14 
needless trial, and deprive the village of its statutory right to take an interlocutory appeal from the court's order denying it immunity. *Page 1